## David Taggart's Estate.   Samuel Ferguson's Appeal.

*Statute of limitations—Decedent's estate—Claim for services.*

A claim against a decedent's estate is barred by the statute of limitations where it appears that the services were rendered more than five years prior to the decedent's death, and more than six years prior to the filing of the executor's account.

Aside from the bar of the statute of limitations, the claim will not be allowed where it appears that the decedent had assumed the position of parent to claimant when the latter was a mere child, had sent him to school, and, finally, had given him a position as bartender; and where it appears that claimant had made no demand upon decedent in his lifetime for wages; and where the witnesses, produced by claimant to prove declarations made by decedent that he owed money to claimant, differed widely as to the amount.

Argued April 1, 1895.   Appeal, No. 181, Jan. T., 1895, by Samuel Ferguson, from decree of O. C. Phila. Co., July T., 1894, No. 214, dismissing exceptions to adjudication.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Exceptions to adjudication.

The auditing judge, ASHMAN, J., found the facts to be as follows:

" Samuel Ferguson presented a claim of $4,000 for services to the decedent, as bartender, from 1884 to 1888.   To take the demand out of the statute certain declarations of the decedent were given in evidence by which, according to one witness, the

decedent said, sometime in 1893, that he intended to set the claimant up in business and to pay for his license, because he owed the claimant about $2,000. Two other witnesses deposed to the same declaration, except that the acknowledgment of the indebtedness was for $3,000 or $4,000. The undisputed testimony was that the decedent had taken care of the claimant when the latter was a mere child ; had sent him to school, and had afterwards employed him to do odd chores about the tavern, and had finally placed him behind the bar as bartender. During the five years which intervened between the date at which the claimant left the service of the decedent, and the date of the decedent's death, the claimant, so far as was shown, made no claim for wages and no demand for payment. The reported declarations of the decedent, varying as they did with the different recollections of the witnesses, will not avail to overcome the presumption which custom has raised, that the claimant received periodical wages—a presumption which his own conduct unquestionably strengthened. The claim is rejected."

Exceptions to the adjudication were dismissed by the court without an opinion filed.

*Error assigned* was in rejecting claim of Samuel Ferguson.

*Thomas R. Elcock*, for appellant, cited, Swires v. Parsons, 5 W. & S. 357 ; Neal v. Gilmore, 79 Pa. 421 ; Weil's Est., 36 Leg. Int. 286.

*John H. Sloan, John T. Murphy* with him, for appellee, cited : Mueller's Est., 159 Pa. 592 ; Coulston's Est., 161 Pa. 151 ; Carpenter v. Hays, 153 Pa. 432 ; Webb v. Lees, 149 Pa. 13.

PER CURIAM, April 22, 1895 :

The only subject of complaint in this case is the rejection of appellant's claim of $4,000 for services rendered testator more than five years prior to his decease in June, 1888, and over six years before his executor's account was filed. The bar of the statute had therefore closed on the claim before it was presented for participation in the fund for distribution. Aside from the circumstances attending the alleged indebtedness, the fact that for several years the testator stood in loco parentis to appellant, the staleness of the claim, etc.,—all of which were calculated

to render its original validity at least doubtful,—the testimony relied on by appellant was too vague and uncertain to remove the bar of the statute. The court was therefore right in concluding that if appellant ever had a valid unpaid claim against his benefactor it was barred by the statute. For reasons given by the learned auditing judge the claim was rightly excluded from participation in the fund for distribution.

Decree affirmed and appeal dismissed with costs to be paid by appellant.